Michael DiChiara
KRAKOWER DICHIARA LLC
One Depot Square
77 Market Street, Suite 2
Park Ridge, NJ 07656
(201) 746-0303

Michael D. Palmer*
SANFORD HEISLER, LLP
1350 Avenue of the Americas, 31st Floor
New York, NY 10019
(646) 402-5650
* Admitted *Pro Hac Vice*

*Attorneys for Named Plaintiffs,*
*putative FLSA Collective Plaintiffs,*
*and proposed Classes*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

-------------------------------------------------------x

YAW ADU POKU and DANIEL ATTAH-POKU, on behalf of themselves and others similarly situated,

      Plaintiffs/Counterclaim Defendants,

      v.

BEAVEX, INC.,

      Defendant/Counterclaim Plaintiff.

-------------------------------------------------------x

Case No. 13 Civ. 3327 (SRC)(CLW)

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**

Motion Date: October 7, 2013

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ...................................................................... ii

I.      INTRODUCTION ............................................................................1

II.     ARGUMENT.....................................................................................2

III.    CONCLUSION ................................................................................6

## <u>TABLE OF AUTHORITIES</u>

<u>Page</u>

<u>Cases</u>

*Barnes v. Akal Sec., Inc*., No. 04-1350,
    2005 U.S. Dist. LEXIS 12268 (D. Kan. June 20, 2005) .....................................4

*Berry v. Stevinson Chevrolet*, 74 F.3d 980 (10th Cir. 1996) ....................................5

*Bill Johnson's Rests. v. NLRB*, 461 U.S. 731 (1983) ...............................................5

*Burlington Northern & Santa Fe Ry. v. White*, 548 U.S. 53 (2006)..........................5

*Darveau v. Detecon, Inc.*, 515 F.3d 334 (4th Cir. 2008)......................................3, 4

*EEOC v. Outback Steakhouse of Florida, Inc.*,
    75 F. Supp. 2d 756 (N.D. Ohio 1999)...................................................................5

*Flores v. Mamma Lombardis of Holbrook, Inc.,* No. 12-3532,
    2013 U.S. Dist. LEXIS 55968 (E.D.N.Y. Apr. 15, 2013)....................................3

*Foman v. Davis,* 371 U.S. 178 (1962). .....................................................................3

*Gliatta v. Tectum, Inc.*, 211 F. Supp. 2d 992 (S.D. Ohio 2002)...........................4, 5

*Jacques v. DiMarzio, Inc.*, 216 F. Supp. 2d 139 (E.D.N.Y. 2002) ..........................4

*Kounelis v. Sherrer*, 396 F. Supp. 2d 525 (D.N.J. 2005) .....................................2, 3

*Martinez v. Deaf Smith County Grain Processors, Inc*.,
    583 F. Supp. 1200 (N.D. Tex. 1984)....................................................................4

*Outback Steakhouse of Florida, Inc.*, 75 F. Supp. 2d 756 (N.D. Ohio 1999)...........4

*Paz v. Piedra*, No. 09 Civ. 03977,
    2012 U.S. Dist. LEXIS 4034 (S.D.N.Y. Jan. 12, 2012)........................................4

*Salazar v. Bowne Realty Assocs., L.L.C.*,
   796 F. Supp. 2d 378 (E.D.N.Y. 2011) ..............................................................2, 3

*Torres v. Gristede's Operating Corp.*,
   628 F. Supp. 2d 447 (S.D.N.Y. 2008) ..............................................................4, 5

*Zebroski v. Gouak*, No. 09-1857,
   2010 U.S. Dist. LEXIS 30870 (E.D. Pa. Mar. 29, 2010) ......................................3

## **Statutes**

29 U.S.C. §  201 ..........................................................................................................1

29 U.S.C. §  215 ..........................................................................................................3

N.J.S.A. § 34:11-4.1 ...................................................................................................1

N.J.S.A. § 34:11-56a ...................................................................................................1

## **Rules**

Fed. R. Civ. P. 15 .................................................................................................1, 2, 3

Plaintiffs Yaw Adu Poku and Daniel Attah-Poku respectfully submit this memorandum of law in support of their Motion for Leave to File an Amended Complaint, pursuant to Fed. R. Civ. P. 15.[1]

## INTRODUCTION

On May 28, 2013, Plaintiffs filed this class/collective action on behalf of current and former BeavEx couriers (delivery drivers) who were misclassified as independent contractors.[2]  Couriers consistently worked over forty hours per week, yet were never paid time-and-a-half for their overtime hours.  (Compl. ¶¶ 36-41.) Additionally, BeavEx took deductions from couriers' wages for uniforms and other business expenses, further reducing their received wages.  (Id. ¶ 42.)  Plaintiffs' claims are brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*., the New Jersey Wage and Hour Law ("NJWHL"), N.J.S.A. § 34:11-56a, *et seq.*, and the New Jersey Wage Payment Law ("NJWPL"), N.J.S.A. § 34:11-4.1, *et seq*.

On August 1, 2013, Defendant filed an Answer to Plaintiff's Complaint and Counterclaim and asserted the affirmative defense that couriers "were properly

---

[1]   In support of this memorandum, Plaintiffs herewith submit the Declaration of Michael DiChiara, dated September 13, 2013, attaching as Exhibit A, a copy of Plaintiffs' original complaint, filed on May 28, 2013 ("Compl."); attaching as Exhibit B, a copy of Defendant's Answer to Plaintiff's Complaint and Counterclaim, filed on August 1, 2013 ("Answer"); and attaching as Exhibit C, a copy of Plaintiffs' proposed Amended Complaint.

[2]   BeavEx tightly controlled the manner in which couriers performed their jobs and continuously monitored the performance of deliveries.  (Compl. ¶ 43(a)-(l).)

classified as independent contractors . . . ."  (Answer at 8, Third Defense.)  Further, Defendants asserted a counterclaim that Plaintiffs are contractually obligated to indemnify Defendant for their own claims of unpaid wages.  (*See* Answer at 14-16 ("Counterclaim").)

As set forth in detail in Plaintiffs' Motion to Dismiss, filed on September 5, 2013 (Dkt. No. 15), Defendant's Counterclaim is baseless. Rather, the Counterclaim is asserted in retaliation for Plaintiffs bringing this lawsuit and is an attempt to deter them and other couriers from seeking legal redress for Defendant's failure to properly pay them their wages.

Plaintiffs now move to amend their complaint to add a claim that Defendant is illegally retaliating against them for the filing of this lawsuit.

## ARGUMENT

As Plaintiffs seek leave to amend their complaint based upon events occurring after the filing of their original complaint – namely, Defendants' filing of the Counterclaim – Fed. R. Civ. P. 15(d) governs.  *See Kounelis v. Sherrer*, 396 F. Supp. 2d 525, 529 (D.N.J. 2005) ("under Rule 15(d), a party may supplement the original pleading to include subsequent occurrences which are related to the claim presented in the original complaint, absent prejudice to the nonmoving party") (internal quotation omitted)); *Salazar v. Bowne Realty Assocs., L.L.C.*, 796 F. Supp. 2d 378, 383 (E.D.N.Y. 2011) (pursuant to Rule 15(d), the plaintiff was

permitted to file a supplemental pleading alleging that defendants retaliated against him for filing an FLSA complaint).

> Rules 15(a) and (d) require that "in the absence of any apparent or declared reason - - such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.- - the leave sought should, as the rules require, be freely given."

*Kounelis*, 396 F. Supp. 2d at 529 (quoting, *Foman v. Davis,* 371 U.S. 178, 182 (1962)). *See also Salazar*, 796 F. Supp. 2d at 383 (same).

There is an absence of any of the above factors that would preclude this Court from granting Plaintiffs' motion to amend.  Plaintiffs seek to supplement their complaint because Defendant's baseless Counterclaim is an act of retaliation in response to Plaintiffs' FLSA complaint and a violation of 29 U.S.C. § 215(a)(3) (prohibiting discrimination because of the filing of an FLSA action).[3]  Plaintiffs have acted promptly to amend the complaint and add the retaliation claim.[4]

Courts throughout the country have held that counterclaims, such as the one Defendant filed here, can be construed as an act of unlawful retaliation.  *E.g. Flores v. Mamma Lombardis of Holbrook, Inc.,* No. 12-3532, 2013 U.S. Dist.

---

[3]  Former employees – as well as current employees – are protected from retaliation under §215(a)(3).  *See Darveau v. Detecon, Inc.*, 515 F.3d 334, 343 (4th Cir. 2008); *Zebroski v. Gouak*, No. 09-1857, 2010 U.S. Dist. LEXIS 30870, at *2 (E.D. Pa. Mar. 29, 2010).

[4]  As of this date, no discovery requests or responses have been exchanged, and no depositions have taken place.

LEXIS 55968, at *11-12 (E.D.N.Y. Apr. 15, 2013) (ruling that the filing of a baseless counterclaim can "constitute adverse employment action sufficient to state a claim for retaliation" and granting plaintiffs' motion to amend their complaint to add a claim for FLSA retaliation); *Torres v. Gristede's Operating Corp.*, 628 F.Supp.2d 447, 471-475 (S.D.N.Y. 2008) (ruling that defendant's counterclaims were asserted "to punish the Individual Plaintiffs for joining the FLSA suit" and that the plaintiffs had established their claim of retaliation under the FLSA); *Barnes v. Akal Sec., Inc.*, No. 04-1350, 2005 U.S. Dist. LEXIS 12268, at *20-21 (D. Kan. June 20, 2005) (granting plaintiff's motion to amend complaint to add claim for retaliation based upon alleged baseless and retaliatory counterclaims filed by defendants in FLSA action). *See also Darveau*, 515 F.3d at 343 (finding a validly alleged claim for retaliation where the defendant responded to an FLSA complaint by filing a separate court action against the plaintiff); *Paz v. Piedra*, No. 09 Civ. 03977, 2012 U.S. Dist. LEXIS 4034, at *33 (S.D.N.Y. Jan. 12, 2012) (same); *Zebroski*, 2010 U.S. Dist. LEXIS 30870, at *3 (same); *Martinez v. Deaf Smith County Grain Processors, Inc.*, 583 F. Supp. 1200, 1210 (N.D. Tex. 1984) (same). *Cf. Jacques v. DiMarzio, Inc.*, 216 F. Supp. 2d 139, 141-43 (E.D.N.Y. 2002) (*sua sponte* ruling that defendant's counterclaims in ADA lawsuit were retaliatory, dismissing counterclaims and issuing sanctions); *Gliatta v. Tectum, Inc.*, 211 F. Supp. 2d 992, 1008-09 (S.D. Ohio 2002) (counterclaim may constitute

4

retaliation under Title VII); *EEOC v. Outback Steakhouse of Florida, Inc.*, 75 F. Supp. 2d 756, 760 (N.D. Ohio 1999) (same).[5]

Indeed, "the Supreme Court has held that lawsuits have a sufficiently adverse chilling effect on employees wishing to avail themselves of statutory protection." *Gliatta*, 211 F. Supp. 2d at 1008 (citing, *Bill Johnson's Rests. v. NLRB*, 461 U.S. 731, 740-741 (1983)). *Cf. Burlington Northern & Santa Fe Ry. v. White*, 548 U.S. 53, 63-64 (2006) (ruling that "[a]n employer can effectively retaliate against an employee by taking actions not directly related to his employment or by causing him harm *outside* the workplace" and citing with approval a Tenth Circuit case "finding actionable retaliation where employer filed false criminal charges against former employee who complained about discrimination") (citing, *Berry v. Stevinson Chevrolet*, 74 F.3d 980, 984, 986 (10th Cir. 1996)).

As the supplemental claim is not futile, and there has been no undue delay, bad faith, or prejudice, Plaintiffs should be permitted to amend their complaint.

---

[5] The FLSA and discrimination statutes "are remedial statutes whose effectiveness depends on the employee's ability to bring claims thereunder with impunity. Thus, the same basic analysis applies to retaliation claims under [these] statute[s]." *Torres*, 628 F. Supp. 2d at 471, n. 19.

## <u>CONCLUSION</u>

For the reasons set forth above, the Court should grant Plaintiffs' Motion for

Leave to File an Amended Complaint in its entirety.


Dated: September 13, 2013          Respectfully submitted,


KRAKOWER DICHIARA LLC


By:__ /s/ Michael R. DiChiara_____
    Michael R. DiChiara
    One Depot Square
    77 Market Street, Suite 2
    Park Ridge, NJ 07656
    (201) 746-0303
    (866) 417-2333 (fax)

    Michael D. Palmer*
    SANFORD HEISLER, LLP
    1350 Avenue of the Americas, 31st Floor
    New York, NY 10019
    (646) 402-5653 (direct)
    (646) 402-5650 (main)
    (646) 402-5651 (fax)
    *Admitted *Pro Hac Vice*

    *Attorneys for Named Plaintiffs, putative*
    *FLSA Collective Plaintiffs, and proposed*
    *Classes*