**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
:
YAW ADU POKU et al., :
:
    Plaintiffs, :     Civil Action No. 13-3327 (SRC)
:
           v. :
:     **OPINION & ORDER**
BEAVEX, INC., :
:
    Defendant/Counterclaimant. :
_____:

**CHESLER**, U.S.D.J.

    This matter comes before the Court on two motions: 1) the motion to dismiss Defendant's counterclaim by Plaintiffs Yaw Adu Poku and Daniel Attah-Poku (collectively, "Plaintiffs"); and 2) Plaintiffs' motion for leave to amend the Complaint. For the reasons stated below, both motions will be granted.

    This case arises from a wage dispute. The Complaint alleges that Plaintiffs were employees of Defendant Beavex, Inc. ("Beavex"), a courier company. The Complaint asserts three claims relating to payment of wages. Beavex filed an Answer to the Complaint and asserted a single counterclaim. Plaintiffs now move to dismiss the counterclaim for failure to state a valid claim.

    The counterclaim seeks indemnification pursuant to an employment contract, and states:

> 6.     Each of the Contracts contains an indemnification provision that provides that the Counterclaim-Defendants agree to defend, indemnify and hold harmless BeavEx from any claims, losses and expenses that arise from the performance of the Counterclaim-Defendants' (including any of the Counterclaim-Defendants' employees and subcontractors) services and

>       obligations under the Contracts.
>
> 7.    Under the Contracts, the Counterclaim-Defendants are obligated and agree to, among other things, maintain separate and distinct businesses from BeavEx and to provide services to BeavEx customers as independent contractors, not BeavEx employees.
>
> 8.    If there is an ultimate determination in this matter that the Counterclaim-Defendants are employees, not independent contractors, then the Counterclaim-Defendants will have breached their obligations under the Contracts, including, but not limited to, their obligation to remain separate and distinct businesses from BeavEx and to remain "Owner/Operators in fact and in law."
>
> 9.    The claims asserted by Counterclaim-Defendants in the Complaint and the expenses and fees BeavEx has incurred, and will incur, to defend against them fall within the terms of the indemnification provisions of the Contracts.
>
> 10.   If there is an ultimate determination made in this matter that the Contracts are enforceable and that Counter-Defendants are independent contractors, then BeavEx is entitled to a judgment enforcing the terms of the Contracts, including an award of all costs and expenses, including reasonable attorneys' fees, incurred by BeavEx in defending against Counterclaim-Defendants' Complaint.

Plaintiffs contend that the counterclaim fails to state a valid claim on two grounds: 1) the contractual indemnification provision alleged does not cover Plaintiffs' claims in this case; and 2) if the indemnification provision did cover those claims, it would be unenforceable under New Jersey law.

As to the first point, Plaintiffs explain that, based on the factual allegations in the counterclaim, the alleged indemnification provision deals with "claims . . . that arise from the performance of the Counterclaim-Defendants' services and obligations under the Contracts." Plaintiffs argue that their claims about Defendant's payment of wages do not arise from their performance of their obligations under the contracts. Indeed, this appears correct. This litigation

2

plainly arises from the performance of Defendant under the contract, as the employer paying wages, rather than the performance of Plaintiffs as couriers. This is not litigation over something that Plaintiffs made happen by their actions in performing courier work. Rather, it is litigation about allegedly illegal conduct by Defendant in paying Plaintiffs for their work. The allegedly illegal conduct of Defendant in paying Plaintiffs cannot reasonably be understood to fall within the scope of the alleged indemnification provision, as it arises from Defendant's performance, not Plaintiffs'.

As to the second point, Plaintiffs argue that contracts that nullify the purpose of the FLSA are void:

> This Court's decisions interpreting the FLSA have frequently emphasized the nonwaivable nature of an individual employee's right to a minimum wage and to overtime pay under the Act. Thus, we have held that FLSA rights cannot be abridged by contract or otherwise waived because this would nullify the purposes of the statute and thwart the legislative policies it was designed to effectuate.

Barrentine v. Arkansas-Best Freight Sys., 450 U.S. 728, 740 (1981). The counterclaim asserts a contractual indemnification provision which, if it operated as Defendants advocate, would abridge Plaintiffs' rights under the FLSA. Any such contractual provision would be unenforceable. See also Lyle v. Food Lion, Inc., 954 F.2d 984, 987 (4th Cir. 1992) (dismissing a similar counterclaim).

In opposition, Beavex argues that the counterclaim pleads – and so it must be taken as true at this stage – that Plaintiffs are not employees within the meaning of the FLSA. This does not appear to be correct. The counterclaim alleges:

> 2. Counterclaim-Defendants each individually entered into a written contract to provide transportation services to BeavEx, consisting of pick-up, transportation, and delivery of property and items brokered and arranged

3

> by BeavEx for customers in need of such services (the "Contracts").
> Counterclaim-Defendants performed such transportation in accordance
> with the terms of their Contracts.
>
> . . .
>
> 7. Under the Contracts, the Counterclaim-Defendants are obligated and agree
> to, among other things, maintain separate and distinct businesses from
> BeavEx and to provide services to BeavEx customers as independent
> contractors, not BeavEx employees.

There is no need to parse the words here because, even if the counterclaim affirmatively alleged that Plaintiffs were independent contractors and not employees, that is a legal conclusion which is not credited on a motion to dismiss. "[A] court need not credit a complaint's . . . legal conclusions when deciding a motion to dismiss." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). The counterclaim itself expressly calls the decision as to whether Plaintiffs are employees or independent contractors the "ultimate determination in this matter." (Counterclaim ¶¶ 8, 10.) This is not a factual allegation but an ultimate legal determination. This Court rejects the argument that the counterclaim contains the well-pleaded factual allegation that Plaintiffs are not employees, which this Court must credit.

Beavex further argues that all it is trying to do in this counterclaim is to protect itself against the following litigation scenario: Plaintiffs attempt to have their relationship with Beavex classified by this Court as an employer/employee relationship but fail. Under those circumstances, the indemnification provision would operate to make Plaintiffs bear the litigation costs that Beavex has incurred. This Court accepts this as an abandonment of all other possible interpretations of this counterclaim. The problem for Beavex is that this scenario would not entitle it to indemnification under the provision alleged. As alleged, the claims must arise from

4

the Plaintiffs' performance of services under the contract. The scenario raised by Beavex, however, involves a meritless lawsuit brought by independent contractors to obtain wages to which they were not entitled. Such a lawsuit could not, by definition, arise from the Plaintiffs' performance of services under the contract. Suppose, to give a more extreme example, Plaintiffs had sued Beavex alleging false imprisonment during the workday, and lost. Such a claim could not reasonably be said to arise from Plaintiffs' performance of services under the contract.[1]

The New Jersey Supreme Court has set forth these principles as the foundation for contract interpretation:

> The polestar of contractual interpretation is the intent of the parties. The starting point in ascertaining that intent is the language of the contract. It is also permissible, to shed further light on the parties' intent, to consider and examine the circumstances that existed when the contract was made. However, once the parties' intent is determined on the basis of the evidence available, that intent may not be disregarded to create a new or better contract or to add to, subtract from, modify, or alter any terms of the agreement.

Communications Workers of America, Local 1087 v. Monmouth County Bd. of Social Services, 96 N.J. 442, 452 (1984). On this motion, this Court accepts as true the allegations about the contract in the counterclaim. As alleged, the language of the contract provision at issue does not evidence that the parties intended that the independent contractors working for Beavex would agree to pay the company's costs of litigating a meritless, failed lawsuit. There is nothing in the record from which this Court could infer that such was the parties' intent.

Beavex points to two district court cases in support of its opposition. In the first, the

---

[1] Beavex states, in short: "Rather, it is only a *failed attempt* by the independent contractor couriers to reclassify the relationship between the parties that triggers the indemnification provision." (Def.'s Opp. Br. 3.) This Court sees no logical connection between this statement and the alleged indemnification provision. How could the failure of a legal theory in litigation be the factor which decides whether a claim arises out of Plaintiffs' performance under the contract?

court stated:

> The indemnification provision at issue provides that Plaintiff must indemnify Defendant for any losses, including attorneys' fees, that Defendant may incur "arising out of or in connection with" Plaintiff's obligations under their agreement (Doc. No. 36, p. 6). One such obligation under the agreement was that Plaintiff would work for a liquidated fee amount, and her lawsuit is predicated on her contention that Defendant owes her more than the liquidated fee amount provided in her agreement. As such, the Court concludes that the indemnity provision in her agreement supports Defendant's counterclaim if Defendant prevails in establishing that Plaintiff was an independent contractor.

Dobbins v. Scriptfleet, Inc., 2012 U.S. Dist. LEXIS 83855, *4-*5 (M.D. Fla. June 18, 2012). The instant case is distinguishable based on the fact that the counterclaim in the instant case does not allege that the contract specified wages. There is no factual support for an inference here that the parties agreed to a contract that specified wages or that the indemnification provision would cover wage disputes. The same may be said of Defendant's citation to Spellman v. Am. Eagle Express, Inc., 680 F. Supp. 2d 188, 191 (D.D.C. 2010). Again, in Spellman, the contract included a specific fee schedule, which has not been alleged in the instant case. Id.

Plaintiffs have demonstrated that the counterclaim fails to state a valid claim for relief, pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiffs' motion to dismiss will be granted, and the counterclaim will be dismissed without prejudice. Should Beavex believe that it can amend the Answer to make the counterclaim viable, it may seek leave of the Court to amend its answer.

Plaintiffs have moved for leave to amend the Complaint to add a retaliation claim, pursuant to FLSA section 29 U.S.C. § 215(a)(3), based upon Defendant's having filed the counterclaim. Beavex opposes granting leave on the ground that amendment is futile; it contends that the proposed amendments could not survive a Rule 12(b)(6) motion, distilling its argument

6

into this statement: "there is no possible outcome in this action where retaliation under the FLSA can be found to have occurred." (Def.'s Opp. Br. 11.) This Court does not agree. The language of 29 U.S.C. § 215(a)(3) is a good deal broader than Beavex would have it:

> [I]t shall be unlawful for any person–
>
> . . .
>
> (3) to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act [29 USCS §§ 201 et seq., generally; for full classification, consult USCS Tables volumes], or has testified or is about to testify in any such proceeding . . .

29 U.S.C. § 215(a). Note that the statute does not specify that the complaint must result in a win; to the contrary, it speaks broadly of "*any* complaint." Whether or not the action succeeds, Plaintiffs have, in fact, filed a complaint under the FLSA, and they allege that, as a result, Beavex has taken retaliatory action against them. This Court is not prepared at this juncture to speculate about hypothetical outcomes in which Plaintiffs fail and what effect this might have on the ultimate merits of their claim under 29 U.S.C. § 215(a)(3). Plaintiffs have fulfilled the predicate condition for filing the retaliation claim – they filed a complaint under the FLSA – and Beavex has failed to persuade this Court that success on the retaliation claim is necessarily impossible. The motion for leave to amend will be granted.

For these reasons,

**IT IS** on this 1st day of November, 2013, hereby

**ORDERED** that Plaintiffs' motion to dismiss Defendant's counterclaim (Docket Entry No. 15) is **GRANTED**, and Defendant's counterclaim is hereby **DISMISSED** without prejudice; and it is further

**ORDERED** that Plaintiffs' motion for leave to amend the Complaint (Docket Entry No. 16) is **GRANTED**, and Plaintiffs are granted leave to file an Amended Complaint, and the Clerk of the Court shall file the proposed Amended Complaint (Docket Entry No. 16 Ex. C).

    s/ Stanley R. Chesler
Stanley R. Chesler, U.S.D.J.