<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

---

|  |  |  |
|---|---|---|
| YAW ADU POKU et al., | : | |
| | : | |
| Plaintiffs, | : | Civil Action No. 13-3327 (SRC) |
| | : | |
| v. | : | |
| | : | **OPINION & ORDER** |
| BEAVEX, INC., | : | |
| | : | |
| Defendant/Counterclaimant. | : | |

---

<u>CHESLER</u>, U.S.D.J.

This matter comes before the Court on two motions: 1) the motion to dismiss Defendant's Amended counterclaim by Plaintiffs Yaw Adu Poku and Daniel Attah-Poku (collectively, "Plaintiffs"); and 2) Plaintiffs' motion for leave to amend the Amended Complaint.  For the reasons stated below, both motions will be granted.

On November 1, 2013, this Court granted Plaintiffs' prior motion to dismiss the counterclaim and dismissed it without prejudice.  Plaintiffs sought and received leave from Magistrate Judge Waldor to file an amended counterclaim.  Plaintiffs now move to dismiss the Amended counterclaim for failure to state a valid claim.

The counterclaim seeks indemnification pursuant to an employment contract, and states:

6.      Each of the Contracts contains an indemnification provision providing, among other things, that the Counterclaim-Defendants agree to defend, indemnify and hold harmless BeavEx from any claims, losses and expenses (including attorneys' fees) that arise from any actions or failure to act by Counterclaim-Defendants' during the performance of their obligations under the Contracts.

Plaintiffs contend that the Amended counterclaim fails to state a valid claim on two grounds: 1) the contractual indemnification provision alleged does not cover Plaintiffs' claims in this case; and 2) if the indemnification provision did cover those claims, it would be unenforceable under New Jersey law.

Plaintiffs had made the first argument in the prior motion to dismiss the counterclaim, and this Court agreed, and it agrees again now with regard to the Amended counterclaim. Defendants contend that Plaintiff's claims in this case fall within the scope of a contractual indemnification provision because they "plainly 'arise out of' the Contracts." (Defs.' Opp. Br. 3.) The problem with this argument is that it fails to accurately track the language used in paragraph 6 of the Amended counterclaim. Paragraph 6 does not state that the indemnification obligation is triggered by any and all claims arising out of the contracts; rather, the agreement is to indemnify BeavEx for "any claims . . .that arise from any actions or failure to act by Counterclaim-Defendants during the performance of their obligations under the Contracts."[1] Plaintiffs' wage claims plainly did not arise from the actions or failure to act by Counterclaim-Defendants (i.e., Plaintiffs) during the performance of their obligations under the Contracts. To the contrary, Plaintiffs' wage claims plainly arose from the actions of Defendants. The wage claims thus do not fall within the scope of the indemnification provision.

Moreover, the New Jersey Supreme Court has held that "[w]hen the meaning of [an indemnity] clause is ambiguous . . . the clause should be strictly construed against the indemnitee." Ramos v. Browning Ferris Industries, Inc., 103 N.J. 177, 191 (1986); see also

---

[1] Curiously, Defendant's brief misquotes the Amended counterclaim.

Kieffer v. Best Buy, 205 N.J. 213, 223 (2011).  The pleadings do not quote the relevant provision from the contract, nor is the contract attached as an exhibit.  This Court has before it only the Amended counterclaim's allegation describing the provision.  While this Court does not find the description in the Amended counterclaim to indicate ambiguity, it is clear that New Jersey courts construe indemnity clauses strictly and against the indemnitee.

From the description, given New Jersey law, this Court finds no facts which could support a counterclaim for express indemnification.  A complaint will survive a motion under Rule 12(b)(6) only if it states "sufficient factual allegations, accepted as true, to 'state a claim for relief that is plausible on its face.'"  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic v. Twombly, 550 U.S. 544, 570 (2007)).  The Amended counterclaim does not meet the pleading requirements of Iqbal.  The Amended counterclaim fails to state a valid claim for relief and will be dismissed.  As this is now Defendants' second attempt to draft a valid counterclaim, this Court infers that further amendment is futile, and the Amended counterclaim will be dismissed with prejudice.

Plaintiffs have also moved for leave to amend the Amended Complaint to supplement the factual allegations, updating them to incorporate this chapter of the litigation.  There is no prejudice to Defendant in allowing this amendment.  The motion for leave to amend will be granted.

For these reasons,

**IT IS** on this 30th day of April, 2014, hereby

**ORDERED** that Plaintiffs' motion to dismiss Defendant's counterclaim (Docket Entry No. 31) is **GRANTED**, and Defendant's counterclaim is hereby **DISMISSED** with prejudice;

3

and it is further

   **ORDERED** that Plaintiffs' motion for leave to amend the Complaint (Docket Entry No. 32) is **GRANTED**, and Plaintiffs are granted leave to file a Second Amended Complaint, and the Clerk of the Court shall file the proposed Second Amended Complaint (Docket Entry No. 32 Ex. C).

   s/ Stanley R. Chesler
Stanley R. Chesler, U.S.D.J.
